■ PHILIP GRANT, Respondent, v AURORA LOAN SERVICES et al., Appellants. [932 NYS2d 74]—

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior action" (*Barbieri v Bridge Funding*, 5 AD3d 414, 415 [2004]; *see Matter of Hunter*, 4 NY3d 260, 269 [2005]). Here, the causes of action alleging that the defendant Aurora Loan Services (hereinafter Aurora) wrongfully foreclosed on the subject property are barred

by the doctrine of res judicata (*see Aurora Loan Servs., LLC v Grant*, 88 AD3d 929 [2011] [decided herewith]; *Aurora Loan Servs. v Grant*, 70 AD3d 986 [2010]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss those causes of action.

The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the remaining causes of action, which allege that the plaintiff is entitled to proceeds of an insurance claim paid to Aurora. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). However, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810 [2011]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]). Here, once the subject property fell into foreclosure and the plaintiff's hazard insurance on the property lapsed, Aurora obtained its own hazard insurance through the defendant Balboa Insurance Company (hereinafter Balboa) in order to protect its interest in the mortgage. The defendants indisputably demonstrated through evidentiary material that the plaintiff's allegation that he was an additional insured under the policy was "not a fact at all" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d at 810; *see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Baron v Galasso*, 83 AD3d 626, 628 [2011]; *York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861, 862 [2010]). Since the plaintiff's allegation that he was an additional insured under the policy was "not a fact at all," he does not have a cause of action to recover the proceeds of an insurance payment made by Balboa to Aurora for use in repairing the property as a result of a fire, and he does not have a cause of action to recover the limits of that policy (*see Guggenheimer v Ginzburg*, 43 NY2d at 274-275; *Fishberger v Voss*, 51 AD3d at 628).

The plaintiff's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.