■ SIGNATURE BANK, Appellant, v ARLENE L. EPSTEIN et al., Respondents. [945 NYS2d 347]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered June 8, 2011, as granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court dated July 14, 2009, and to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and those branches of the defendants' motion which were, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale dated July 14, 2009, and to dismiss the complaint are denied.

In 2004 the defendants executed and delivered to the plaintiff a home equity line agreement providing for a home equity line of credit in an amount up to, but not to exceed, $110,000, along with a disclosure statement and a note. The defendants promised to pay the plaintiff all loan advances that the plaintiff made thereunder, plus interest. The note was secured by a mortgage on the defendants' real property located in New Rochelle. On January 7, 2008, the plaintiff, through its attorneys, notified the defendants in writing that they were in default under the note and that they had 30 days from the date of the letter in which to pay the indebtedness in full before the plaintiff would exercise its legal rights. On July 9, 2008, the plaintiff commenced this foreclosure action, alleging that the defendants failed to pay the indebtedness due under the note and mortgage. On July 30, 2008, the defendants interposed a verified answer. On March 3, 2009, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and, on July 14, 2009, issued a judgment of foreclosure and sale. On May 4, 2011, the defendants moved by order to show cause, among other things, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale on the ground that the plaintiff's failure to provide the defendants with 30 days written notice of the defendants' default under the mortgage constituted a failure to satisfy a condition precedent to the commencement of the action, thus depriving the Supreme Court of jurisdiction to enter a default judgment. The defendants also moved to dismiss the complaint, based on the plaintiff's alleged failure to satisfy the condition precedent. In an order entered June 8, 2011, the Supreme Court, inter alia, granted those branches of the motion on the ground that the plaintiff had failed to comply with the condition precedent as to notice that was set forth in the mortgage. The plaintiff appeals. We reverse the order entered June 8, 2011, insofar as appealed from.

"A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (*Long Is. Sav. Bank v Mihalios*, 269 AD2d 502, 503 [2000]). Here, the defendants waived their right to assert a lack of compliance with a condition precedent, as they failed to assert it as an affirmative defense in their answer and failed to raise it in response to the plaintiff's mo-

tion for summary judgment on the complaint (*see First N. Mortgagee Corp. v Yatrakis*, 154 AD2d 433 [1989]).

The defendants' remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic by our determination.

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were, in effect, to vacate the judgment of foreclosure and sale and, in effect, to dismiss the complaint. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.