In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered October 23, 2012, which granted the motion of the defendant Kevin Michael Shields to vacate a judgment of foreclosure and sale of the same court entered March 24, 2010, upon his default in appearing or answering the complaint, to cancel a notice of pendency, and to dismiss the complaint insofar as asserted against him.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Kevin Michael Shields to vacate the judgment of foreclosure and sale entered March 24, 2010, to *654 cancel the notice of pendency, and to dismiss the complaint insofar as asserted against him is denied.
The plaintiff commenced this action to foreclose a mortgage. Upon the default of the defendant Kevin Michael Shields in appearing or answering the complaint, the Supreme Court entered a judgment of foreclosure and sale on March 24, 2010.
The Supreme Court should have denied Shields’s motion to vacate the judgment of foreclosure and sale, to cancel the notice of pendency, and to dismiss the complaint insofar as asserted against him. Contrary to Shields’s contention, the plaintiffs alleged failure to satisfy a condition precedent in the mortgage by failing to provide him with 30 days’ written notice of his default in making mortgage payments, even if true, did not deprive the Supreme Court of jurisdiction to enter the judgment of foreclosure and sale (see Pritchard v Curtis, 101 AD3d 1502, 1504-1505 [2012]; Signature Bank v Epstein, 95 AD3d 1199, 1200 [2012]).
Shields’s remaining contentions do not provide a basis for vacating the judgment of foreclosure and sale. Rivera, J.E, Lott, Roman and Cohen, JJ., concur.