■ KRISTINA DUPPS et al., Appellants, v JESSICA BETANCOURT et al., Defendants, and BANK OF NEW YORK, Respondent. [994 NYS2d 633]—

In an action, inter alia, to set aside a transfer of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated March 13, 2013, which granted the motion of the defendant Bank of New York to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The plaintiff Kristina Dupps owned a parcel of real property in Elmont. After falling behind on her mortgage payments, Dupps allegedly transferred title to the parcel to the defendant Jessica Betancourt. According to Dupps, she and Betancourt agreed that Dupps would repurchase the property within a short time. Betancourt, however, mortgaged the property and defaulted on the mortgage. In a foreclosure action, both Dupps and Betancourt were named and served, but they both defaulted, and the plaintiff in that action, the Bank of New York (hereinafter the Bank), obtained a judgment of foreclosure and sale. Eventually, Dupps and a tenant at the property, Michael Ostrowski, commenced this action seeking, among other things, to set aside the transfer of the property to Betancourt and to vacate the judgment of foreclosure and sale. The Bank moved to dismiss the complaint insofar as asserted against it on the ground of res judicata pursuant to CPLR 3211 (a) (5). The Supreme Court granted the Bank's motion, and Dupps and Ostrowski appeal.

The Supreme Court properly granted dismissal of the complaint insofar as asserted against the Bank pursuant to CPLR 3211 (a) (5). Under New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or seeking a different remedy (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *83-17 Broadway Corp. v Debcon Fin. Servs., Inc.*, 39 AD3d 583, 584 [2007]). Accordingly, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded" (*Gray v Bankers Trust Co. of Albany, N.A.*, 82 AD2d 168, 170-171 [1981]; *see Signature Bank v Epstein*, 95 AD3d 1199, 1200 [2012]; *83-17 Broadway Corp. v Debcon Fin. Servs., Inc.*, 39 AD3d at 584-585; *Long Is. Sav. Bank v Mihalios*, 269 AD2d 502, 503 [2000]; *cf. Richter v Sportsmans Props., Inc.*, 82 AD3d 733, 735 [2011]). Furthermore, res judicata applies both to parties and those in privity with them (*see Grant v Aurora Loan Servs.*, 88 AD3d 949, 949-

950 [2011]). Thus, the judgment of foreclosure and sale entered upon Dupps's default in the foreclosure action bars the claims now asserted in this action against the Bank by Dupps and by Ostrowski, who was in privity with Dupps (*see Signature Bank v Epstein*, 95 AD3d at 1200-1201; *Rizzo v Ippolito*, 137 AD2d 511, 513 [1988]).

The plaintiffs' remaining contention is not properly before this Court. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.