Wells Fargo Bank, N.A. v Colace (2019 NY Slip Op 09317)





Wells Fargo Bank, N.A. v Colace


2019 NY Slip Op 09317


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12342
 (Index No. 47811/09)

[*1]Wells Fargo Bank, N.A., plaintiff, 
v
Stephanie Colace, appellant, et al., defendants; 21st Mortgage Corporation, nonparty-respondent.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Bradshaw Law Group, P.C., New York, NY (Diane Bradshaw of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stephanie Colace appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated August 22, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 2221 for leave to renew and/or reargue with respect to the plaintiff's prior motion, inter alia, for an order of reference, pursuant to CPLR 5015(a)(2), (3), and(4) to vacate a judgment of foreclosure and sale entered June 18, 2014, and pursuant to CPLR 2003 to vacate the foreclosure sale of the subject property.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendant Stephanie Colace which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against the defendant Stephanie Colace (hereinafter the defendant), among others, to foreclose a mortgage on property located in Huntington Station. After the defendant failed to answer the complaint, the Supreme Court granted Wells Fargo's motion, inter alia, for an order of reference and later issued a judgment of foreclosure and sale, which was entered on June 18, 2014.
On July 7, 2016, Wells Fargo executed an assignment of judgment, pursuant to which it assigned the judgment of foreclosure and sale to 21st Mortgage Corporation (hereinafter 21st Mortgage). On August 17, 2016, the Referee conducted a foreclosure sale, at which 21st Mortgage was the highest bidder. By referee's deed dated October 17, 2016, the Referee conveyed the premises to 21st Mortgage.
By order to show cause dated July 17, 2017, the defendant moved, inter alia, pursuant [*2]to CPLR 2221 for leave to renew and/or reargue with respect to a prior determination "granting summary judgment in favor of the plaintiff," pursuant to CPLR 5015(a)(2), (3), and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 2003 to vacate the foreclosure sale. The defendant argued that Wells Fargo should have been denied summary judgment and that the judgment of foreclosure and sale should be vacated because Wells Fargo failed to prove its compliance with RPAPL 1303 and 1304. 21st Mortgage opposed the motion. By order dated August 22, 2017, the Supreme Court denied the motion. The defendant appeals.
"A judgment of foreclosure and sale . . . against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503; see Archibald v Wells Fargo Bank, N.A., 166 AD3d 573, 573; Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754; Dupps v Betancourt, 121 AD3d 746, 747; Signature Bank v Epstein, 95 AD3d 1199, 1201). Therefore, we agree with the Supreme Court's determination that a motion pursuant to CPLR 2221 was not "the proper procedural vehicle to address [the] final judgment" (Maddux v Schur, 53 AD3d 738, 739).
Moreover, the defendant failed to provide any basis for vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(2), (3), or (4).
Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendant's motion which were pursuant to CPLR 2221(e) for leave to renew the plaintiff's purported summary judgment motion and pursuant to CPLR 5015(a)(2), (3), and (4) to vacate the judgment of foreclosure and sale.
The defendant's remaining contention is without merit.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court