People v Williams (2020 NY Slip Op 05542)





People v Williams


2020 NY Slip Op 05542


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2019-04337

[*1]People of State of New York, respondent,
v
Anthony D. Williams, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.


Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Rockland County (Larry J. Schwartz , J.), dated March 7, 2019. The order, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 110 points, within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three offender. On appeal, the defendant challenges his presumptive risk level and the denial of his request for a downward departure from his presumptive risk level.
The assessment of points for a history of drug or alcohol abuse was established by clear and convincing evidence, including the defendant's admissions that he committed the crime for which he was designated a level three sex offender while under the influence of crack cocaine, his admission at his prison intake interview that he used crack cocaine for seven years, and his drug offenses while in prison. Although there was no evidence he abused drugs in prison after 2002, his abstention from drugs while incarcerated did not render the points assessment for a history of drug abuse improper (see People v McClendon, 175 AD3d 1329, 1330).
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant was convicted, inter alia, of murder in the second degree and aggravated sexual abuse in the first degree. His claim at the SORA hearing that he did not commit the crimes with a sexual intent confirmed his lack of acceptance of responsibility for his crimes, and did not constitute a ground for a downward departure from his presumptive risk level. Accordingly, we agree with the Supreme Court's determination to deny the request for a downward departure from the defendant's presumptive risk level.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court