PNC Bank, N.A. v Ramdass (2020 NY Slip Op 06161)





PNC Bank, N.A. v Ramdass


2020 NY Slip Op 06161


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-03413
 (Index No. 502013/14)

[*1]PNC Bank, National Association, respondent,
v
Renata Ramdass, et al., defendants; E 43rd St. Realty, Inc., nonparty-appellant.


The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for nonparty-appellant.
McGlinchey Stafford, New York, NY (Mikelle V. Bliss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty E 43rd St. Realty, Inc., appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 19, 2017. The order denied that nonparty's motion to substitute itself as successor in interest to the defendant Renata Ramdass and to stay the foreclosure sale of the subject property.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Renata Ramdass (hereinafter the defendant), and filed a notice of pendency against the subject property. By deed notarized on September 12, 2016, the defendant transferred her interest in the subject property to nonparty E 43rd St. Realty, Inc. (hereinafter the appellant). The Supreme Court issued a judgment of foreclosure and sale dated September 14, 2016. By order to show cause dated August 9, 2017, the appellant moved to substitute itself as successor in interest to the defendant and to stay the foreclosure sale. In an order dated December 19, 2017, the court denied the motion, and this appeal ensued.
"A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503; see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685; Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022; Signature Bank v Epstein, 95 AD3d 1199, 1200). "[R]es judicata applies both to parties and those in privity with them" (Dupps v Betancourt, 121 AD3d 746, 747; see Grant v Aurora Loan Servs., 88 AD3d 949, 949-950). Here, the issues that the appellant raises are barred by the judgment of foreclosure and sale. Accordingly, we agree with the Supreme Court's determination denying the appellant's motion.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court