Behar v Wells Fargo Bank, N.A. (2020 NY Slip Op 06085)





Behar v Wells Fargo Bank, N.A.


2020 NY Slip Op 06085


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-12542
 (Index No. 604479/18)

[*1]Jeffrey S. Behar, appellant, 
v
Wells Fargo Bank, N.A., et al., respondents.


Coran Ober P.C., Flushing, NY (Steven T. Beard of counsel), for appellant.
Reed Smith LLP, New York, NY (Brenda Beauchamp Ward and Andrew B. Messite of counsel), for respondent Wells Fargo Bank, N.A.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Keith Abramson of counsel), for respondents Rushmore Loan Management Services, LLC, and U.S. Bank, National Association.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a mortgage dated August 22, 2008, is null and void and to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered September 26, 2018. The order granted those branches of the motion of the defendant Wells Fargo Bank, N.A., and those branches of the separate motion of the defendants Rushmore Loan Management Services, LLC, and U.S. Bank, National Association, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On August 22, 2008, Wachovia Mortgage, FSB, loaned the plaintiff, Jeffrey S. Behar (hereinafter Behar), the principal sum of $232,500, evidenced by a note and secured by a mortgage encumbering real property in Farmingdale. The note was subsequently transferred to the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo). In August 2015, Wells Fargo commenced an action to foreclose the mortgage. Behar did not interpose an answer to the complaint. On December 7, 2016, after an inquest, a judgment of foreclosure and sale was entered in favor of Wells Fargo. On June 14, 2017, Behar moved, inter alia, to vacate his default in answering the complaint and to dismiss the action based on Wells Fargo's lack of standing. By order entered September 26, 2017, the Supreme Court denied Behar's motion on the ground that he failed to demonstrate a reasonable excuse for his default, and thus, the court did not consider whether Behar offered a potentially meritorious defense to the action. The note and mortgage were subsequently transferred to U.S. Bank, National Association (hereinafter U.S. Bank), with Rushmore Loan Management Services, LLC (hereinafter Rushmore), acting as the new loan servicer.
On April 5, 2018, Behar commenced this action against Wells Fargo, U.S. Bank, and Rushmore, inter alia, for a judgment declaring that the subject mortgage is null and void and to recover damages for Wells Fargo's alleged fraud in continuing the foreclosure action despite Behar's request for a mortgage loan modification. Wells Fargo moved, among other things, pursuant to [*2]CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it based upon the doctrines of res judicata and collateral estoppel, and pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. U.S. Bank and Rushmore separately moved to dismiss the complaint insofar as asserted against them on the same grounds. By order entered September 26, 2018, the Supreme Court granted the motions. Behar appeals.
"'[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action'" (JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 687, quoting Signature Bank v Epstein, 95 AD3d 1199, 1200). Here, Behar's claims arise out of the same transaction and facts as those raised, or which could have been raised, during the prior foreclosure action commenced against Behar by Wells Fargo (see Archibald v Wells Fargo Bank, N.A., 166 AD3d 573, 573-574). Further, Behar failed to state a cause of action for fraud because Wells Fargo was not required to permanently modify Behar's mortgage even after he submitted a modification application and Wells Fargo approved him for a loan trial period plan (see U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1137; JP Morgan Chase Bank, N.A. v Ilardo, 36 Misc 3d 359, 373 [Sup Ct, Suffolk County]). Thus, Wells Fargo's alleged representation that it would consider Behar's mortgage modification application was not a misrepresentation or material omission upon which he could justifiably rely (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the motions of Wells Fargo and U.S. Bank and Rushmore which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against each of them.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court