Jones v Flushing Bank (2023 NY Slip Op 00310)

Jones v Flushing Bank

2023 NY Slip Op 00310

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-04856
 (Index No. 720008/18)

[*1]Monique Defour Jones, et al., appellants,
v
Flushing Bank, etc., respondent.

The Jones Law Group, LLC, St. Albans, NY (Andrew P. Jones of counsel), for appellants.
Jaspan Schlesinger LLP, Garden City, NY (Victoria R. Gionesi and Frank C. Dell'Amore of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, breach of contract, and violation of General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered May 20, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On March 31, 2005, the plaintiff Monique Defour Jones executed a note in the sum of $210,000 in favor of the defendant, Flushing Bank (hereinafter the bank). The note was secured by a mortgage on certain property located in St. Albans. On June 29, 2005, a deed dated November 8, 2004, conveying the subject property from Jones to the plaintiff Big Time Holdings, LLC (hereinafter Big Time), was recorded. Jones defaulted on her obligations under the note and mortgage by failing to make the payments due on July 1, 2014, and thereafter.
On November 10, 2014, the bank commenced an action against Jones and Big Time, among others, to foreclose the mortgage (hereinafter the foreclosure action). The summons and complaint were labeled "Commercial Mortgage Foreclosure Action." Jones and Big Time served an amended answer dated February 11, 2015, in which they asserted as an affirmative defense that the subject property was not a commercial property and that they were entitled to the protections of RPAPL 1304 and CPLR 3408, along with several counterclaims.
In March 2015, the bank moved, inter alia, for summary judgment on the complaint, to dismiss the counterclaims of Jones and Big Time, and for an order of reference. Jones and Big Time cross-moved for leave to amend their answer to assert additional counterclaims. In an order dated September 9, 2015, the Supreme Court, inter alia, granted the motion, in effect, denied the cross motion, and referred the matter to a referee to ascertain and compute the amount due to the bank. Jones and Big Time appealed from the order, but the appeal was later dismissed for failure to perfect.
Thereafter, in an order dated December 5, 2016, the Supreme Court, among other things, granted the bank's motion for a judgment of foreclosure and sale and denied the motion of Jones and Big Time for leave to renew and reargue their opposition to those branches of the bank's motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, and to remove the action from the commercial foreclosure part on the ground that the mortgage loan was a residential loan. On the same day, the court issued an order and judgment of foreclosure and sale. Jones and Big Time did not appeal from the order and judgment of foreclosure and sale.
On March 1, 2017, Big Time filed a Chapter 11 bankruptcy petition, which was later converted to a Chapter 7 petition. On June 13, 2018, the bankruptcy court confirmed the sale of the subject property. Big Time appealed, but the appeal was dismissed.
On September 20, 2018, Jones and Big Time commenced this action against the bank to recover damages for negligence, fraud, breach of contract, and violation of General Business Law § 349 in connection with the mortgage. Jones and Big Time alleged, inter alia, that Jones applied for a residential mortgage loan and that the bank failed to disclose that it was placing the loan as a commercial mortgage loan.
The bank moved pursuant to CPLR 3211(a)(5) to dismiss the complaint on the grounds that the action was barred by the doctrines of res judicata and collateral estoppel, and that the action was time-barred. Jones and Big Time opposed the motion. In an order entered May 20, 2020, the Supreme Court granted the bank's motion on the ground that the action was barred by the doctrine of res judicata. Jones and Big Time appeal.
Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761 [internal quotation marks omitted]; see Montoute v Wells Fargo Bank, N.A., 208 AD3d 474). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d at 761 [internal quotation marks omitted]; see Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959). A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been raised in the foreclosure action (see Eaddy v US Bank N.A., 180 AD3d 756, 758; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 675).
The order and judgment of foreclosure and sale entered in the foreclosure action encompasses all issues that were raised or could have been raised in that action, including whether the bank improperly failed to disclose that the mortgage loan was placed as a commercial loan, rather than a residential loan. Therefore, Jones and Big Time are precluded from asserting the causes of action raised in this action, which are predicated on those same issues (see Montoute v Wells Fargo Bank, N.A., 208 AD3d 474; Eaddy v US Bank N.A., 180 AD3d at 758).
Accordingly, the Supreme Court properly granted the bank's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that it was barred by the doctrine of res judicata.
In light of our determination, we need not reach the issue of whether the complaint is subject to dismissal as time-barred, which the bank has raised as an alternative ground for affirmance (see Montoute v Wells Fargo Bank, N.A., 208 AD3d 474).
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court