Joseph v Bank of N.Y. Mellon (2023 NY Slip Op 04198)

Joseph v Bank of N.Y. Mellon

2023 NY Slip Op 04198

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01817
 (Index No. 703674/20)

[*1]Shulla G. Joseph, et al., appellants,
v
Bank of New York Mellon, etc., et al., respondents, et al., defendants.

Lee M. Nigen, Forest Hills, NY, for appellants.
Akerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to vacate an order and judgment of foreclosure and sale dated June 12, 2019, and for related declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated February 24, 2021. The order, insofar as appealed from, granted the motion of the defendant CoreLogic pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, and granted the motion of the defendants Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing LLC, Gavin Tsang, and Gerard F. Facendola pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2016, the Bank of New York Mellon (hereinafter BNYM) commenced an action to foreclose a mortgage (hereinafter the foreclosure action) against, among others, Shulla G. Joseph and Martin W. Jute (hereinafter together the borrowers). The borrowers interposed an answer, asserting 19 affirmative defenses, 5 counterclaims, and a cross-claim. Thereafter, BNYM was granted summary judgment and an order of reference appointing a referee to compute the amount due. The borrowers' subsequent motion to vacate the order, inter alia, granting summary judgment was denied. In June 2019, an order and judgment of foreclosure and sale (one paper) was entered in favor of BNYM, confirming the referee's report and directing the sale of the subject property. The borrowers' subsequent application to stay the foreclosure sale was denied.
In March 2020, the borrowers commenced the instant action, inter alia, to vacate the order and judgment of foreclosure and sale, and for related declaratory relief, against, among others, the defendants BNYM, Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing LLC, Gavin Tsang, Vice President of BNY Corporate Trust, and Gerard F. Facendola, BNY Managing Director (hereinafter collectively the BNYM defendants), and the defendant CoreLogic.
CoreLogic and the BNYM defendants separately moved to dismiss the amended complaint insofar as asserted against them. In an order dated February 24, 2021, the Supreme Court granted CoreLogic's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it and the motion of the BNYM defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The borrowers appeal. We affirm.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata or collateral estoppel (see id.; Tracey v Deutsche Bank Natl. Trust Co., 187 AD3d 815, 817). "Under the doctrine of res judicata, once a claim is brought to a final [*2]conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Jones v Flushing Bank, 212 AD3d 791, 793 [internal quotation marks omitted]). The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding (see id.). "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been raised in the foreclosure action" (id.).
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (Grossman v Federal Natl. Mtge. Assn., 213 AD3d 811, 812 [internal quotation marks omitted]).
The order and judgment of foreclosure and sale entered in the foreclosure action encompasses all issues that were raised or could have been raised in that action, including whether the assignment of the mortgage was valid and whether a referee's hearing was required pursuant to CPLR 4313. Therefore, the borrowers are precluded from raising these issues in the instant action (see Jones v Flushing Bank, 212 AD3d at 793; Mortgage Elec. Registration Sys., Inc. v McVicar, 203 AD3d 919, 920; Behar v Wells Fargo Bank, N.A., 187 AD3d 1116, 1118). Further, construing the allegations in the amended complaint as true, the borrowers state no cognizable claim against CoreLogic (see Leon v Martinez, 84 NY2d 83, 87-88; Ram v Torto, 111 AD3d 814, 815).
Accordingly, the Supreme Court properly granted CoreLogic's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it and the motion of the BNYM defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court