Deutsche Bank Natl. Trust Co. v Matheson (2024 NY Slip Op 03732)

Deutsche Bank Natl. Trust Co. v Matheson

2024 NY Slip Op 03732

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-02226
 (Index No. 7241/06)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Marilyn E. Matheson, appellant, et al., defendant.

Marilyn E. Matheson, Pawling, NY, appellant pro se.
Greenberg Traurig, LLP, New York, NY (Steven Lazar of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marilyn E. Matheson appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated January 3, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her, to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4), and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is affirmed, with costs.
On December 18, 2006, the plaintiff commenced this action against the defendant Marilyn E. Matheson (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Dutchess County. The defendant interposed an answer to the complaint. In an order dated May 1, 2008, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. On December 14, 2009, the court issued a judgment of foreclosure and sale in favor of the plaintiff, which was later affirmed by this Court on appeal by the defendant (see Deutsche Bank Natl. Trust Co. v Matheson, 77 AD3d 883).
In 2019, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her, to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4) based on the expiration of the statute of limitations, and to cancel a notice of pendency filed against the property. In an order dated January 3, 2020, the Supreme Court denied the motion. The defendant appeals.
"A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 503; see PNC Bank, N.A. v Ramdass, 187 AD3d 1230, 1230; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 687; Vanderbilt Mtge. & Fin., Inc. v Palmore-Archer, 177 AD3d 1020, 1021; Signature Bank v Epstein, 95 AD3d 1199, 1200). Here, the entry of the judgment of foreclosure and sale in this action bars consideration of the issues raised by the defendant, since those issues either were [*2]raised or could have been raised during the pendency of the action (see Joseph v Bank of N.Y. Mellon, 219 AD3d 596, 597-598; Jones v Flushing Bank, 212 AD3d 791, 793; Behar v Wells Fargo Bank, N.A., 187 AD3d 1116, 1118; Vanderbilt Mtge. & Fin., Inc. v Palmore-Archer, 177 AD3d at 1021).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her, to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4), and to cancel a notice of pendency filed against the property.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court