Oh v Bank of Am., N.A. (2024 NY Slip Op 04549)

Oh v Bank of Am., N.A.

2024 NY Slip Op 04549

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06457
 (Index No. 726660/21)

[*1]Kyoungmi Oh, appellant, 
v
Bank of America, National Association, etc., respondent, et al., defendant.

The David R. Smith Law Group PLLC, New York, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Karena J. Straub and Charles W. Miller III of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage and for related declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 8, 2022. The order granted the motion of the defendant Bank of America, National Association, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In July 2009, the defendant commenced an action to foreclose a consolidated mortgage on certain real property located in Little Neck (hereinafter the foreclosure action). The plaintiff acquired title to the property in May 2015, at which time the defendant had filed a notice of pendency against the property. In 2018, the plaintiff moved for leave to intervene in the foreclosure action, and the Supreme Court denied the motion. An order and judgment of foreclosure and sale was subsequently entered in the foreclosure action in September 2018. The plaintiff appealed, and this Court affirmed the order and judgment of foreclosure and sale, concluding that the Supreme Court properly determined that the plaintiff's motion for leave to intervene was untimely (see Bank of Am., N.A. v New York City Envtl. Control Bd., 199 AD3d 874).
Thereafter, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the consolidated mortgage and for related declaratory relief. The defendant Bank of America, National Association (hereinafter the defendant), moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, contending, inter alia, that the action was barred by the doctrine of res judicata. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; see Djoganopoulos v Polkes, 67 AD3d 726, 727). "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes [*2]all matters of defense which were or might have been raised in the foreclosure action" (Jones v Flushing Bank, 212 AD3d 791, 793; see Dupps v Betancourt, 121 AD3d 746, 747). Here, the issues raised by the plaintiff in this action are barred by the order and judgment of foreclosure and sale (see PNC Bank, N.A. v Ramdass, 187 AD3d 1230; Dupps v Betancourt, 121 AD3d at 748).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court