Matter of 35-28 103 St. Realty, Inc. v Carisbrook Asset Holding Trust (2024 NY Slip Op 06038)

Matter of 35-28 103 St. Realty, Inc. v Carisbrook Asset Holding Trust

2024 NY Slip Op 06038

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-02879
 (Index No. 712045/21)

[*1]In the Matter of 35-28 103 Street Realty, Inc., appellant, 
v
Carisbrook Asset Holding Trust, respondent.

Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri and Fernando C. Rivera-Maissonet of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR 5239 and Real Property Law § 329 to determine adverse claims to real property and to cancel of record a mortgage, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 4, 2022. The order and judgment granted the motion of Carisbrook Asset Holding Trust pursuant to CPLR 3211(a) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In 2007, Jose Vasquez executed a note and mortgage encumbering real property located in Queens (hereinafter the subject property). In 2008, Central Mortgage Company commenced an action against Vasquez, among others, to foreclose the mortgage. A notice of pendency was filed against the subject property at the time of the commencement of the foreclosure action and was thereafter renewed in 2011. On June 27, 2013, the petitioner purchased the subject property from Vasquez. In May 2019, an order and judgment of foreclosure and sale was entered in the foreclosure action.
In 2021, the petitioner commenced this proceeding, inter alia, pursuant to CPLR 5239 and Real Property Law § 329 to extinguish the interest of the respondent, Carisbrook Asset Holding Trust (hereinafter Carisbrook), alleged successor in interest to Central Mortgage Company, in the subject property. Carisbrook moved pursuant to CPLR 3211(a) to dismiss the petition. The Supreme Court granted the motion and dismissed the proceeding. The petitioner appeals.
"[T]he lien of a mortgage is extinguished upon the sale of the real property affected thereby unless the purchaser has knowledge, either actual or constructive, of the existence of the mortgage" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961 [internal quotation marks omitted]). "The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (id. at 962 [internal quotation marks omitted]). Furthermore, "[a] person whose conveyance . . . is recorded [*2]after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (DK Gates Homes, LLC v HSBC Bank USA, N.A., 188 AD3d 815, 815 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Minogue, 202 AD3d 662, 663).
Here, the petitioner had constructive notice of the previously recorded mortgage at the time it purchased the subject property such that it is not entitled to the status of a good faith purchaser for value (see 436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d at 962). Additionally, the notice of pendency of the foreclosure action was recorded before the petitioner obtained title to the subject property and recorded its interest. Therefore, the petitioner had constructive notice of the foreclosure action, and its interest in the property was effectively foreclosed upon entry of the order and judgment of foreclosure and sale in that action (see HSBC Bank USA, N.A. v Minogue, 202 AD3d at 663; HSBC Bank USA, N.A. v Pape, 178 AD3d 683, 684).
Finally, "[t]he order and judgment of foreclosure and sale entered in the foreclosure action encompasses all issues that were raised or could have been raised in that action" (Joseph v Bank of N.Y. Mellon, 219 AD3d 596, 597). "[R]es judicata applies both to parties and those in privity with them" (PNC Bank, N.A. v Ramdass, 187 AD3d 1230, 1230 [internal quotation marks omitted]). Here, the petitioner is barred by the doctrine of res judicata from raising issues regarding the standing of the plaintiff in the foreclosure action (see Joseph v Bank of N.Y. Mellon, 219 AD3d at 597; PNC Bank, N.A. v Ramdass, 187 AD3d 1230).
Accordingly, the Supreme Court properly granted Carisbrook's motion pursuant to CPLR 3211(a) to dismiss the petition (see DK Gates Homes, LLC v HSBC Bank USA, N.A., 188 AD3d at 816) and dismissed the proceeding.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.

2022-02879 DECISION & ORDER ON MOTION
In the Matter of 35-28 103 Street Realty, Inc.,
appellant, v Carisbrook Asset Holding Trust,
respondent.
(Index No. 712045/21)

Appeal from an order and judgment (one paper) of the Supreme Court, Queens County, entered April 4, 2022. Motion by the respondent, inter alia, to strike stated portions of the appellant's brief on the ground that they improperly raise arguments for the first time on appeal. By decision and order on motion of this Court dated April 5, 2023, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief is granted, and the following portions of the appellant's brief are stricken and have not been considered in the determination of the appeal: (1) from the second paragraph on page 1, the clause, "as there are two versions of the promissory note relied upon by Respondent"; (2) the first full paragraph on page 2; (3) Point I; (4) the second full paragraph on page 12; and (5) the final paragraph of the brief.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court