U.S. Bank N.A. v Perez (2025 NY Slip Op 03754)

U.S. Bank N.A. v Perez

2025 NY Slip Op 03754

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-08637
 (Index No. 17292/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Hector Perez, et al., defendants; Glenmore Realty & Management, Inc., nonparty-appellant.

The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for nonparty-appellant.
Reed Smith LLP, New York, NY (Yimell M. Suarez Abreu and Andrew B. Messite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Glenmore Realty & Management, Inc., appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 2, 2023. The order denied that nonparty's motion to stay the foreclosure sale of the subject property and to reduce the interest due on the subject mortgage loan.
ORDERED that the order is affirmed, with costs.
In September 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Hector Perez (hereinafter the defendant) and filed a notice of pendency against certain real property located in Brooklyn. In 2021, the property was transferred to nonparty Glenmore Realty & Management, Inc. (hereinafter Glenmore Realty). The Supreme Court issued an order and judgment of foreclosure and sale dated March 14, 2022. Thereafter, Glenmore Realty, as the successor in interest to the defendant, moved to stay the foreclosure sale of the property and to reduce the interest due on the mortgage loan. The plaintiff opposed the motion. In an order dated February 2, 2023, the court denied the motion. Glenmore Realty appeals.
"A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (PNC Bank, N.A. v Ramdass, 187 AD3d 1230, 1230 [internal quotation marks omitted]; see Signature Bank v Epstein, 95 AD3d 1199, 1200). "'[R]es judicata applies both to parties and those in privity with them'" (PNC Bank, N.A. v Ramdass, 187 AD3d at 1230, quoting Dupps v Betancourt, 121 AD3d 746, 747). Here, the order and judgment of foreclosure and sale bars consideration of the issues raised by Glenmore Realty, since those issues could have been raised during the pendency of the action (see Matter of 35-28 103 St. Realty, Inc. v Carisbrook Asset Holding Trust, 233 AD3d 674, 675; PNC Bank, N.A. v Ramdass, 187 AD3d at 1230). Thus, the Supreme Court properly denied Glenmore Realty's motion.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court