**Jemerson v FCI Lender Servs. Inc.**

2025 NY Slip Op 33970(U)

October 24, 2025

Supreme Court, Orange County

Docket Number: Index No. EF005740-2025

Judge: Sherri L. Eisenpress

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------X
DARROD JEMERSON,

Plaintiff,

-against-

FCI LENDER SERVICES INC., WILMINGTON
SAVINGS FUND SOCIETY FSB, AND DOES
1-10,

Defendants.
-----------------------------------------------------X

Sherri L. Eisenpress, J.

**DECISION AND ORDER**

Index No.: EF005740-2025
Motion #1

The following papers, electronically filed on the NYSCEF system as documents numbered 1-14, were considered in connection with Defendants FCI Lender services, Inc. and Wilmington Savings Fund Society, FSB, as owner Trustee of the Residential Credit Opportunities Trust VIII-C, incorrectly identified herein as Defendant Wilmington Savings Fund Society FSB's ("Defendants") Notice of Motion for an Order dismissing the action pursuant to CPLR § 3211(a)(5) and (a)(8).

Upon the foregoing papers, the Court now rules as follows:

Plaintiff commenced the instant action on June 19, 2025, with respect to property located at 804 Hawthorn Way, New Windsor, NY, and asserts causes of action for violations of Title 12 C.F.R. § 1024.40 for failing to provide a homeowner with foreclosure options and/or alternatives and violations of 12 C.F.R. § 1024.41 for no written acknowledgment of receipt of a loan modification application and for failing to make a determination on a loan modification application within 30 days and violation of Title 15 U.S.C. § 1641(g) as against Wilmington Saving Fund Society, for failing to disclose to Plaintiff that it is the new beneficiary of the Ded of Trust within 30 days of the assignment.

Defendants move to dismiss this action on the grounds of res judicata and lack

of service. Defendants state that on December 10, 2013, Plaintiff Jemerson, duly executed and delivered to Wilmington's predecessor-in-interest a Note in the sum of $288,895.00, which was encumbered by a mortgage on property located at 804 Hawthorn Way, New Windsor, NY. On or about August 8, 2016, Jemerson and Wilmington's predecessor-in-interest entered into a loan modification agreement. Said Note, Mortgage and Modification ("collectively the "Loan") were subsequently assigned to Wilmington on March 26, 2024.

Plaintiff Jemerson failed to comply with the terms of the Loan by failing to make monthly payments beginning October 1, 2020. Due to the default on the Loan, Wilmington's predecessor-in-interest commenced a Foreclosure Action on July 3, 2023, under Orange County Index No. EF004289-2023. An Order of Reference and a default judgment against Plaintiff was granted by Order dated December 19, 2023 (Zuckerman, J.). Wilmington filed its motion to confirm the Referee's Oath and Report and for a Judgment of Foreclosure and Sale which was granted on September 3, 2024, and entered on September 18, 2024. Notice of Entry was served upon Plaintiff on October 2, 2024, and no Notice of Appeal was filed. The mortgaged property was sold at auction on February 21, 2025. Defendant Wilmington having placed the highest bid, signed the Terms of Sale, and acquired title to the Mortgage Premises by Referee's Deed, which was recorded with the Orange County Clerk on May 8, 2025.

Discussion

Pursuant to CPLR § 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata. *Tracey v. Deutsche Bank National Trust Co.*, 187 A.D.3d 815, 130 N.Y.S.3d 322 (2d Dept. 2020). "Under the doctrine of res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Jones v. Flushing Bank*, 212 A.D.3d 791, 793, 183 N.Y.S.3d 458 (2d Dept. 2023); See also *O'Brien v Syracuse*, 54 N.Y.2d 353, 357 (1981); *Ciraldo v JPMorgan Chase Bank, NA*, 140 A.D.3d 912, 913 (2d Dept 2016). As the Court of Appeals held in *Ryan v New York*

2

[* 2]

*Telephone*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823 (1984):

> [I]t is for the interest of the community that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. Justice requires that every cause be once fairly and impartially tried; but the public tranquility demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever [internal citations omitted.]

"A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been raised in the foreclosure action." *Jones*, 212 A.D.3d at 460; *Eaddy v. U.S. Bank National Association*, 180 A.D.3d 756, 758, 119 N.Y.S.3d 212 (2d Dept. 2020); *Long Island Sav. Bank, FSB v. Mihalios*, 269 A.D.2d 502, 503, 704 N.Y.S.2d 483 (2d Dept. 2000). "A judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised or could have been raised in the prior action." *Tracey*, 187 A.D.3d at 815; *Sancar Management v. OneWest Bank, FSB*, 165 A.D.3d 1306, 84 N.Y.S.3d 794 (2d Dept. 2018).

In the instant matter the Court finds that granting Plaintiff the relief he seeks in the present action would destroy or impair the rights established by the judgment of foreclosure in the prior action. *See SSJ Development of Sheepshead Bay I, LLC v. Amalgamated Bank*, 128 A.D.3d 674, 675-676, 10 N.Y.S.3d 105 (2d Dept. 2015). Plaintiff defaulted in the underlying foreclosure action and said default was not vacated. Moreover, a Judgment of Foreclosure and Sale was entered on September 18, 2024, and was not appealed, and accordingly is final. Thus, the instant action is barred by res judicata and is dismissed on that ground. As the Court has dismissed the action as barred by res judicata, it need not address Defendants' CPLR § 3211(a)(8) motion to dismiss for lack of service of process.

Accordingly, it is hereby

**ORDERED** that Defendant' Notice of Motion to dismiss the action pursuant to CPLR § 3211(a)(5) is GRANTED and the action dismissed.

3

[* 3]

The foregoing constitutes an Order of this Court on Motion #1.

Dated:      Goshen, New York
              October 24, 2025

_____
**HON. SHERRI L. EISENPRES**
**Justice of the Supreme Court**

TO: All parties (via NYSCEF)

4

[* 4]