OPINION OF THE COURT
C. Stephen Hackeling, J.
GMAC Mortgage, LLC petitions this court, pursuant to RPAPL 713 (5), seeking a judgment of possession and a warrant of eviction as against Donald Taylor and his family for the premises located at 15 Bradbury Avenue, Huntington Station, New York, 11746. The respondents interposed a defense that they are statutorily entitled to a 90-day notice to quit prior to commencement of this action, which they did not receive. It was alternatively asserted that they never received an opportunity to discuss a mortgage loan modification as is purportedly required by law.
Undisputed Facts
The undisputed relevant facts in this matter are that the respondents purchased the residential real property premises located at 15 Bradbury Avenue, Huntington Station, New York in 2006, utilizing a GMAC mortgage. The respondents made approximately six payments on said mortgage and went into default. A judgment of foreclosure was entered in the Suffolk County Supreme Court on October 1, 2008. The petitioner acquired a referee’s deed to the subject premises after a foreclosure sale which was exhibited to the respondents with a 10-day notice to quit on February 28, 2009.
Issue Presented
Are the respondents entitled to a 90-day notice to quit pursuant to 12 USC § 5220 Note (a) (2) (A); a 90-day notice pursuant to RPAPL 1305, or a 10-day notice to quit pursuant to RPAPL 713?
*552 Discussion
Until recently, it was well settled New York law that the “Notice to Quit” required to be given to a holdover occupant of real property, by a foreclosure purchaser, necessitated 10 days’ notice prior to institution of eviction proceedings. (RPAPL 713.) Effective May 22, 2009, a new federal law was enacted requiring 90 days’ notice to quit to be given for residential properties upon which a federally related loan was foreclosed. (See 12 USC § 5220 Note [a] [2] [A], Collado v Boklari, 27 Misc 3d 161 [2009].) Effective January 14, 2010, New York State enacted RPAPL 1305 which provides:
“1. Definitions. For the purposes of this section, the following definitions shall apply:
“(a) ‘Residential real property’ shall mean real property located in this state improved by any building or structure that is or may be used, in whole or in part, as the home or residence of one or more persons, and shall include any building or structure used for both residential and commercial purposes.
“(b) ‘Successor in interest’ shall mean any person or entity who or which acquires title in a residential real property as a result of a judgment of foreclosure and sale, or other disposition during the pendency of the foreclosure proceeding, or at any time thereafter but prior to the expiration of the time period as provided for in subdivision two of this section.
“(c) ‘Tenant’ shall mean any person who at the time the notice required by subdivision four of section thirteen hundred three of this article appears as a lessee on a lease of one or more dwelling units of a residential real property that is subordinate to the mortgage on such residential real property; or who at such time is a party to an oral or implied rental agreement with the mortgagor and obligated to pay rent to the mortgagor or such mortgagor’s representative, for the use or occupancy of one or more dwelling units of a residential real property.
“2. Notwithstanding any other provision of law, a tenant of a unit not subject to rent control or rent stabilization shall have the right to remain in occupancy of the unit of the subject residential real property where he or she resides on the date of mailing of the notice required by subdivision three of *553 this section for the greater of: (a) a period of ninety days from the date of the mailing of such notice-, or (b) for the remainder of the lease term; provided that if a successor in interest who acquires title to such residential real property intends to occupy a single unit as his or her primary residence and the unit is not subject to a federal or state statutory system of subsidy or other federal or state statutory scheme, the successor may limit for one unit only, the tenant’s right of occupancy to ninety days. For a lease to qualify under this subdivision, the tenant under such lease may not be the owner of the residential real property, and such lease must require the payment of rent for such unit that is not substantially less than the fair market rent for the unit, unless the unit is subject to federal or state statutory system of subsidy or other federal or state statutory scheme. A tenant under paragraph (a) or (b) of this subdivision shall continue such tenancy under the same terms and conditions as were in effect at the time of entry of the judgment of foreclosure and sale, or if no such judgment was entered, upon the terms and conditions that were in effect at the time of the transfer of ownership of such property. For purposes of this section, ‘fair market rent’ shall mean rent for a unit of residential real property of similar size, location and condition.
“3. Notwithstanding any other provision of law, and consistent with subdivision two of this section, a successor in interest of residential real property shall provide written notice to all tenants: (a) that they are entitled to remain in occupancy of such property for the remainder of the lease term, or a period of ninety days from the date of mailing of such notice, whichever is greater, on the same terms and conditions as were in effect at the time of entry of the judgment of foreclosure and sale, or if no such judgment was entered, upon the terms and conditions as were in effect at the time of transfer of ownership of such property; and (b) of the name and address of the new owner. Any person or entity who or which becomes a successor in interest after the issuance of the ninety-day notice provided for in this subdivision, shall notify all tenants of its name and address and shall assume such interest subject to the right of the tenant to maintain possession as *554 provided in this subdivision. . . .
“5. The rights conferred upon a tenant by subdivision two of this section shall be in addition to any other rights of such tenant, under law, including those rights conferred upon: (a) any tenant not named in the foreclosure action; or (b) any tenant whose tenancy is subsidized by the federal government, this state or any political subdivision of this state; or (c) any tenant whose tenancy is subject to rent control, rent stabilization, or federal statutory schemes.” (Emphasis added.)
Absent a legislative indication otherwise, the Supremacy Clause in the United States Constitution mandates the preemption of state laws in conflict with federal law. (US Const, art VI, cl 2; Lee v Astoria Generating Co., L.P., 13 NY3d 382 [2009].) The petitioner correctly asserts that the provisions of 12 USC § 5220 Note (a) (2) (A) are self-exempting and inapplicable as the statute expressly limits its reach in subdivision (a) when it provides: “[E]xcept that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.” (Emphasis added.)
While worded differently, both the federal and state statutes allow tenants to stay for the longer of 90 days or the remainder of the lease term, with certain exceptions.[1] As both statutes provide for a 90-day notice, the preemption exemption is not established unless the New York statute provides “additional protection for tenants,” over and above the federal statute. This language requires a thorny factual determination to be made as to which statute gives tenants greater protection.
However, the court need not go through a line by line analysis of the competing laws to assess the myriad of stated differences between the definitions of “tenant” (NY) and “bona fide tenant” (federal) as it has previously determined that the federal statute’s reach is limited solely to residential properties upon which a federally related mortgage loan was foreclosed. (Collado *555 v Boklari, 27 Misc 3d 161 [2009],)[2] As the New York State law applies to all residential properties, it inherently includes a larger universe of tenants and grants greater “additional protection for tenants.” Accordingly, it is the New York statute which is controlling.
Addressing the factual issues presented in the case at bar, the respondents would only receive the enhanced 90-day notice to quit protections if they were never the owners of the residential real property and if they or any co-occupancy residents maintained a lease which paid “not substantially less than the fair market rent.” (See RPAPL 1305 [2].) In this instance, the respondents are the former owners and acknowledge that they have not made any payments for over three years. Accordingly, RPAPL 1305 is not applicable and the respondents are entitled only to the 10-day notice to quit provided for in RPAPL 713. The petitioner, having established that the respondents received the section 713 10-day notice after exhibition of a certified copy of the referee’s deed in the manner statutorily provided, is entitled to a judgment of possession and a warrant of eviction.
The other alternative arguments raised by the respondents concerning the failure of the court system and or mortgagee to provide them with notice and an opportunity to modify their mortgage loan are solely within the province of the Supreme Court which entered the final judgment of foreclosure.[3] Any modification/notice rights and defenses arising under 12 USC § 5220 Note and article 13 of the New York RPAPL were resolved and adjudicated in the underlying final Supreme Court foreclosure judgment and are now res judicata and precluded from consideration by this court. (See Griffo v Swartz, 61 Misc 2d 504 [Monroe County Ct 1969]; 14A Carmody-Wait 2d § 92:240 [2009] [“Conclusiveness of Judgments”].)
*556 The execution of the warrant of eviction is stayed until March 12, 2010. This date is subject to extension only upon the respondents successfully obtaining a court-ordered extension of said stay pursuant to the provisions of RPAPL 751 (4) (a) and (b), which require written application and a deposit of “use and occupancy” funds with the court.

. It could be argued that the New York 90-day notice is shorter than the federal 90-day notice as the period includes mailing days. The federal statute is silent on mailing. For the purpose of this decision, the court will deem that the federal statute also includes mailing days.

. This holding was premised upon a determination that article I, section 8 of the United States Constitution does not authorize federal regulation of a local matter such as a landlord foreclosure under the Taxation and Expenditure Clause, unless the property is encumbered by a federally subsidized expenditure, i.e., mortgage. It is interesting to note that the same argument can also be made to exclude properties which previously maintained federally related mortgages, which were thereafter satisfied/expunged by a foreclosure judgment. As these properties no longer contain a purse string nexus to a federal pecuniary interest, the federal government’s use of the Taxation and Expenditure Clause to justify regulation is constitutionally suspect.

. In the nature of dicta, the alternative rights the respondents suggest are creatures of federal and state law which did not exist at the time of the entry of said judgment.