Eaddy v U.S. Bank N.A. (2020 NY Slip Op 01047)





Eaddy v U.S. Bank N.A.


2020 NY Slip Op 01047


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-09406 
2016-10366
 (Index No. 31770/16)

[*1]Shelley R. Eaddy, appellant, 
v
U.S. Bank National Association, etc., et al., respondents, et al., defendants.


Shelley R. Eaddy, Stony Point, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, Marisa H. Lenok, and Richard Sillett of counsel), respondent pro se and for respondents U.S. Bank National Association, Wells Fargo Bank, N.A., and Jordan Estes.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Brett A. Scher and Stefanie A. Singer of counsel), for respondents Steven J. Baum, P.C., and Charles D.J. Case.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), respondent pro se and for respondent Amanda Rudroff-Lavis.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry and Vito Marzano of counsel), for respondent Brian H. Berkowitz.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated August 8, 2016, and (2) an order of the same court dated September 13, 2016. The order dated August 8, 2016, granted the motion of the defendant Brian H. Berkowitz pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, denied the plaintiff's motion, inter alia, to compel the defendant Hogan Lovells US, LLP, to present proof of its authority to represent the defendant U.S. Bank National Association in this action and an underlying foreclosure action, and, sua sponte, enjoined the plaintiff from making any further motions in this action and the underlying foreclosure action and from commencing any further actions with respect to the subject property without leave of court. The order dated September 13, 2016, granted the separate motions of the defendants Steven J. Baum, P.C., and Charles D.J. Case, the defendants U.S. Bank National Association, Wells Fargo Bank, N.A., Hogan Lovells US, LLP, and Jordan Estes, and the defendants Gross Polowy, LLC, and Amanda Rudroff-Lavis pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated August 8, 2016, as, sua sponte, enjoined the plaintiff from making any further motions in this action and the underlying foreclosure action and from commencing any further actions with respect to the subject property without leave of court is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is [*2]further,
ORDERED that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action, inter alia, to quiet title to certain real property and to recover damages for fraud and violations of Judiciary Law § 487, arising from the procurement of a judgment of foreclosure and sale in a prior action to foreclose a mortgage encumbering the subject property. The defendant Brian H. Berkowitz, the defendants Steven J. Baum, P.C., and Charles D.J. Case (hereinafter together the Baum defendants), the defendants U.S. Bank National Association, Wells Fargo Bank, N.A., Hogan Lovells US, LLP, and Jordan Estes (hereinafter collectively the U.S. Bank defendants), and the defendants Gross Polowy, LLC, and Amanda Rudroff-Lavis (hereinafter together the Gross Polowy defendants) separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, arguing, among other things, that this action was barred by the doctrine of res judicata. In an order dated August 8, 2016, the Supreme Court, inter alia, granted Berkowitz's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and, sua sponte, enjoined the plaintiff from making any further motions in this action and the underlying foreclosure action and from commencing any further actions with respect to the subject property without leave of court. In an order dated September 13, 2016, the court granted the separate motions of the Baum defendants, the U.S. Bank defendants, and the Gross Polowy defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The plaintiff appeals.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; see Djoganopoulos v Polkes, 67 AD3d 726, 727; Sclafani v Story Book Homes, 294 AD2d 559, 559). "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d at 913; see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 675; Dupps v Betancourt, 121 AD3d 746, 747). A judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised or could have been raised in the prior action (see Richter v Sportsmans Props., Inc., 82 AD3d 733, 734; 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 585; Rosendale v Citibank, 262 AD2d 628). Here, the judgment of foreclosure and sale entered upon the plaintiff's default in the foreclosure action encompassed all issues that were raised or could have been raised in that action, and precludes her from asserting the causes of action raised in this action.
Accordingly, we agree with the Supreme Court's determination to grant the moving defendants' separate motions to dismiss the complaint insofar as asserted against each of them as barred by the doctrine of res judicata (see Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753; Albanez v Charles, 134 AD3d 657, 658; Richter v Sportsmans Props., Inc., 82 AD3d at 734; Lazides v P & G Enters., 58 AD3d 607, 609; Perkins v Allstate Ins. Co., 51 AD3d 647, 648).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court