Montoute v Wells Fargo Bank, N.A. (2022 NY Slip Op 04800)

Montoute v Wells Fargo Bank, N.A.

2022 NY Slip Op 04800

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-10817
 (Index No. 602065/19)

[*1]Oswyn Montoute, et al., appellants, 
v
Wells Fargo Bank, N.A., respondent, et al., defendants.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Reed Smith, LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated August 28, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Wells Fargo Bank, N.A., which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging violations of General Business Law § 349 insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2007, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action, inter alia, to foreclose a mortgage given by Oswyn Montoute (hereinafter Oswyn) and secured by certain residential property located in Nassau County and owned by Oswyn and Janice Montoute (hereinafter together the Montoutes). The Montoutes failed to timely appear or answer the complaint. In 2017, Wells Fargo obtained a judgment of foreclosure and sale, and subsequently the subject premises were sold.
In March 2019, the Montoutes commenced this action against Wells Fargo, among others, inter alia, to recover damages for violations of General Business Law § 349, based on allegations that Wells Fargo had "wrongfully foreclosed" on the subject premises. Wells Fargo moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, arguing, among other things, that this action was barred by the doctrine of res judicata. The Montoutes opposed the motion. In an order dated August 28, 2019, the Supreme Court granted Wells Fargo's motion, and the Montoutes appeal.
Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761 [internal quotation marks omitted]; see Eaddy v US Bank N.A., 180 AD3d 756, 758). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d at 761 [internal quotation marks omitted]; see Jacobson Dev. [*2]Group, LLC v Grossman, 198 AD3d 956). Thus, a judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been raised in the foreclosure action (see Eaddy v US Bank N.A., 180 AD3d at 758; 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 584-585). Moreover, "[a] judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised or could have been raised in the prior action" (Eaddy v US Bank N.A., 180 AD3d at 758; see 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d at 585).
Here, the judgment of foreclosure and sale entered upon the Montoutes's default in the foreclosure action encompasses all issues that were raised or could have been raised in that action, including whether they were eligible for a loan modification and whether Wells Fargo failed to negotiate such a settlement in good faith. As such, the Montoutes are precluded from asserting a cause of action alleging violations of General Business Law § 349 which is predicated on those same issues (see Eaddy v US Bank N.A., 180 AD3d at 758; Malgeo Constr. Corp. v Oehlrich, 292 AD2d 429, 430; New Horizons Invs. v Marine Midland Bank, 248 AD2d 449, 450; Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168, 170-171; GMAC Mtge., LLC v Taylor, 27 Misc 3d 550, 551, 555 [Suffolk Dist Ct]; see also Ghartey v Bank of Baltimore, 243 AD2d 538, 539).
Accordingly, the Supreme Court properly granted that branch of Wells Fargo's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging violations of General Business Law § 349 insofar as asserted against it as barred by the doctrine of res judicata. In light of our determination, we need not reach the issues of whether the complaint is subject to dismissal as time barred or for failure to state a cause of action, which Wells Fargo has raised as alternative grounds for affirmance.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court