Sheodial v U.S. Bank N.A. (2023 NY Slip Op 03719)

Sheodial v U.S. Bank N.A.

2023 NY Slip Op 03719

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-05781
 (Index No. 710192/19)

[*1]Rupert Sheodial, et al., appellants, 
v
U.S. Bank National Association, et al., respondents.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Reed Smith, LLP, New York, NY (Kerren B. Zinner and Andrew B. Messite of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated May 12, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging violations of General Business Law § 349.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2019, the plaintiffs commenced the instant action against the defendants alleging, inter alia, violations of General Business Law § 349. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the grounds of res judicata and failure to state a cause of action. In an order dated May 12, 2020, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
The Supreme Court properly determined that the cause of action alleging violations of General Business Law § 349 was barred by the doctrine of res judicata. The defendants contended that a judgment of foreclosure and sale entered in their favor and against the plaintiffs, who were defendants in a prior underlying action, foreclosed the plaintiffs from pursuing the cause of action. Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761 [internal quotation marks omitted]; see Eaddy v US Bank N.A., 180 AD3d 756, 758). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d at 761 [internal quotation marks omitted]). "'A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action'" (Eaddy v US Bank N.A., 180 AD3d at 758, quoting Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; see 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 584-585). Moreover, "[a] judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were [*2]raised or could have been raised in the prior action" (Eaddy v US Bank N.A., 180 AD3d at 758; see Montoute v Wells Fargo Bank, N.A., 208 AD3d 474, 475).
Here, the judgment of foreclosure and sale encompasses all issues that were raised or could have been raised in the foreclosure action, including whether the plaintiffs were eligible for a loan modification. As such, the plaintiffs are precluded from asserting a cause of action alleging violations of General Business Law § 349 which is predicated on the same issues (see Montoute v Wells Fargo Bank, N.A., 208 AD3d at 475; Eaddy v US Bank N.A., 180 AD3d at 758).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging violations of General Business Law § 349 as barred by the doctrine of res judicata.
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court