Kalenborn v Wells Fargo Bank, N.A. (2023 NY Slip Op 06035)

Kalenborn v Wells Fargo Bank, N.A.

2023 NY Slip Op 06035

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-05510
 (Index No. 618736/16)

[*1]Margaret Kalenborn, et al., appellants, 
v
Wells Fargo Bank, N.A., et al., respondents. 

Charles Wallshein, Melville, NY, for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for violations of General Business Law § 349 and fraud, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 5, 2020. The order, insofar as appealed from, granted the defendants' motion pursuant to CPLR 3211(a), in effect, to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2014, the defendant HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-2 (hereinafter HSBC) commenced a foreclosure action against the plaintiffs, Margaret Kalenborn and Douglas Kalenborn (hereinafter together the Kalenborns), among others, to foreclose a mortgage on certain real property located in Melville. The Kalenborns interposed an answer, asserting various affirmative defenses, counterclaims, and a cross-claim. Insofar as relevant here, the Supreme Court in the foreclosure action granted HSBC's unopposed motion for summary judgment on the complaint and to strike the Kalenborns' answer, including the dismissal of all counterclaims asserted against HSBC (hereinafter the summary judgment order). Following additional motion practice, the court granted HSBC's motion, inter alia, for a judgment of foreclosure and sale, denied that branch of the Kalenborns' motion which was for sanctions based upon HSBC's alleged failure to negotiate in good faith when considering the Kalenborns' four loan modification applications, and denied that branch of the Kalenborns' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them based on HSBC's failure to comply with RPAPL 1304 (see HSBC Bank USA, N.A. v Kalenborn, 215 AD3d 930, 931). The Kalenborns appealed from the order and judgment of foreclosure and sale, and this Court reversed, denying HSBC's motion, inter alia, for a judgment of foreclosure and sale and granting that branch of the Kalenborns' cross-motion which was for summary judgment, determining that HSBC had failed to comply with RPAPL 1304 (see HSBC Bank USA, N.A. v Kalenborn, 215 AD3d at 931). Critically, however, this Court further determined that the Kalenborns had failed to establish that HSBC had acted in bad faith by denying their loan modification applications (see id. at 933).
In 2016, the Kalenborns commenced this action against HSBC and its loan servicer, the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo and, together with HSBC, the [*2]defendants), alleging violations of General Business Law § 349 and fraud. The defendants moved pursuant to CPLR 3211(a), in effect, to dismiss the Kalenborns' complaint. While the defendants' motion was sub judice, the Kalenborns moved pursuant to CPLR 3025 for leave to amend their complaint. The amended complaint alleged that the defendants created false pretexts for the denial of the Kalenborns' mortgage modification and made false statements regarding the ability to offer loan modifications.
The Supreme Court granted the Kalenborns leave to amend their complaint, determining that their proposed amendments were neither palpably improper, nor insufficient. However, upon applying the defendants' motion to dismiss to the amended complaint, the court granted the defendants' motion, determining that the claims raised by the Kalenborns in the amended complaint were precluded by the doctrines of res judicata and collateral estoppel. The Kalenborns appeal.
"Under the doctrine of res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Montoute v Wells Fargo Bank, N.A., 208 AD3d 474, 474, quoting Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Montoute v Wells Fargo Bank, N.A., 208 AD3d at 475, quoting Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d at 761).
This Court's decision and order dated April 26, 2023, in the foreclosure action brought that action to a final conclusion (see HSBC Bank USA, N.A. v Kalenborn, 215 AD3d at 931). Contrary to the Kalenborns' contentions, the issues they raised in defense in the foreclosure action, in support of their counterclaim and cross-claim, when compared to their allegations asserted in their amended complaint in this action, are based on the same nucleus of fact, namely, that one or both of the defendants misrepresented the availability and feasibility of loan modification which amounted to fraud as well as a violation of the General Business Law. Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a), in effect, to dismiss the Kalenborns' amended complaint as precluded pursuant to the doctrine of res judicata (see Montoute v Wells Fargo Bank, N.A., 208 AD3d at 475).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court