17455 128 Ave., Inc. v HSBC Bank USA, N.A. (2024 NY Slip Op 03022)

17455 128 Ave., Inc. v HSBC Bank USA, N.A.

2024 NY Slip Op 03022

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-02367
 (Index No. 700869/22)

[*1]17455 128 Avenue, Inc., appellant, 
v
HSBC Bank USA, National Association, etc., respondent, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Alexander Krul and Juan Paolo F. Dizon of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 21, 2022. The order denied the plaintiff's motion for a preliminary injunction, inter alia, staying the foreclosure sale of the subject property directed by a judgment of foreclosure and sale of the same court (Carmen R. Velasquez, J.) entered February 20, 2018.
ORDERED that the order is affirmed, with costs.
On August 29, 2008, a defendant in the instant action, HSBC Bank USA, National Association (hereinafter HSBC), commenced an action to foreclose a mortgage against Charmaine Malcolm Brooks and Leyah Greer, among others (hereinafter the foreclosure action). The complaint identified Brooks as the borrower on the note and Greer as the then-current owner of the subject property.
Brooks and Greer defaulted in answering the complaint, and HSBC's unopposed motion, inter alia, for an order of reference was granted in an order entered November 10, 2015. HSBC's attorney stated in an affirmation that HSBC filed a renewed notice of pendency on April 4, 2016.
In a judgment of foreclosure and sale entered February 20, 2018, the Supreme Court confirmed the referee's report and directed the sale of the property.
In an order entered March 8, 2019, the Supreme Court granted Brooks's motion to vacate the judgment of foreclosure and sale solely as against her on the ground that she was not properly served with the summons and complaint.
On January 13, 2022, the plaintiff, the current owner of the property, commenced the instant action to declare the judgment of foreclosure and sale null and void as to it. The complaint alleged that, in addition to failing to obtain personal jurisdiction over Brooks in the foreclosure [*2]action, HSBC also failed to obtain personal jurisdiction over Greer, "the owner of the equity of redemption or the fee owner of the Premises." The complaint further alleged that "the Judgment in the Foreclosure Action is an absolute nullity, and consequently, can be of no force or effect whatsoever."
By order to show cause entered February 14, 2022, the plaintiff moved to enjoin HSBC, inter alia, from conducting a foreclosure sale pending the determination of the instant action. In an order entered March 21, 2022, the Supreme Court denied the plaintiff's motion for a preliminary injunction. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction. "To establish the right to a preliminary injunction, a movant must demonstrate (1) the likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in the movant's favor" (Benaim v S2 Corona, LLC, 214 AD3d 760, 761; see CPLR 6301; Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (Matter of 1650 Realty Assoc., LLC v Golden Touch Mgt., Inc., 101 AD3d 1016, 1018 [internal quotation marks omitted]). The decision to grant or deny provisional relief is ordinarily committed to the sound discretion of the Supreme Court (see Sarker v Das, 203 AD3d 973, 974).
The Supreme Court properly found that the plaintiff failed to establish a likelihood of success on the merits, since its claims are barred by res judicata. A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties and concludes all matters of defense that were or might have been raised in the foreclosure action (see Eaddy v US Bank N.A., 180 AD3d 756, 758; 83-17 Broadway Corp. v Debcon Fin. Servs., Inc., 39 AD3d 583, 584-585). Here, the judgment of foreclosure and sale is conclusive of all issues that could have been raised in the foreclosure action, including whether the court obtained personal jurisdiction over Greer (see Montoute v Wells Fargo Bank, N.A., 208 AD3d 474). Moreover, the court properly concluded that the plaintiff lacks standing to contest the validity of service upon Greer, inasmuch as that claim is personal to Greer and thus may be raised, if at all, only by Greer (see Wells Fargo Bank, N.A. v Bowie, 89 AD3d 931).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court