Deutsche Bank Natl. Trust Co. v Tardi-Osterhoudt (2025 NY Slip Op 02380)

Deutsche Bank Natl. Trust Co. v Tardi-Osterhoudt

2025 NY Slip Op 02380

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-23-2002 CV-24-0200
[*1]Deutsche Bank National Trust Company, as Trustee, Appellant,
v
Anne Marie Tardi-Osterhoudt et al., Respondents, et al., Defendants.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

McCabe, Weisberg & Conway, LLC, Port Chester (Robert Yusko of counsel), for appellant.
Treybich Law, PC, Poughkeepsie (Michael Treybich of counsel), for Anne Marie Tardi-Osterhoudt and another, respondents.
Drake Loeb, PLLC, New Windsor (Alana R. Bartley of counsel), for Michelle Reid, intervenor-respondent.

Lynch, J.
Appeals (1) from an order of the Supreme Court (James Gilpatric, J.), entered September 21, 2023 in Ulster County, which, among other things, denied plaintiff's motion to vacate a prior order, and (2) from the amended judgment entered thereon.
In June 2006, defendants Anne Marie Tardi-Osterhoudt and Reginald Osterhoudt (hereinafter collectively referred to as defendants) executed a note to borrow $165,600 from New Century Mortgage Corporation, secured by a mortgage on real property in Ulster County.[FN1] The mortgage was assigned to plaintiff in August 2017. Plaintiff initiated this mortgage foreclosure action in November 2017, alleging that defendants defaulted in making the payment due on March 1, 2017. Defendants answered and, after plaintiff failed to oppose their ensuing motion for summary judgment — which was based, in part, on the assertion that there was no default in payment — Supreme Court (Fisher, J.) granted the motion and dismissed the complaint by order issued in December 2018.[FN2] The parties do not dispute that this order was issued upon plaintiff's default.
In July 2021, plaintiff commenced this action, again seeking to foreclose on the mortgage based on defendants' default in making the March 1, 2017 payment. Once again, plaintiff failed to oppose defendants' motion for summary judgment, and by order dated July 7, 2022, Supreme Court (Gilpatric, J.) granted the motion, cancelled and discharged the underlying note and mortgage and scheduled an inquest for September 1, 2022 to address defendants' request for counsel fees pursuant to Real Property Law § 282. At that inquest, plaintiff's counsel appeared and participated, but the transcript is silent as to the reasons for plaintiff's default on the motion. The court awarded counsel fees to defendants in the amount of $6,387.04, as requested, and a judgment was entered on September 21, 2022. Two months later, defendants sold the property to Michelle Reid.
In March 2023, plaintiff moved to vacate the July 2022 order pursuant to CPLR 5015 (a) (1). Defendants opposed the application and Reid moved to intervene for purposes of also opposing plaintiff's application. Reid further advised that she had secured a new mortgage from Caliber Home Loan Inc. to acquire the property. At no point did plaintiff seek to add either Reid or her lender as parties to the action. Finding that plaintiff failed to provide a reasonable excuse for defaulting on the motion underlying the July 2022 order and that plaintiff also failed to present a meritorious claim given the res judicata impact of the December 2018 order dismissing the initial action, Supreme Court denied the motion to vacate. Plaintiff appeals.
We affirm. In seeking to vacate the July 2022 default order, plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious claim (see Darling v Fernette, 234 AD3d 1230, 1231 [3d Dept 2025]). Pertinent here, a court has discretion to accept law office failure as a viable excuse [*2]for a party's default (see Bank of N.Y. Mellon v Vaiana, 218 AD3d 1094, 1096 [3d Dept 2023]). Such an application "should be supported by a detailed and credible explanation of the default at issue" (Mega Contr., Inc. v Adventure Masonry Corp., 188 AD3d 664, 665 [2d Dept 2020] [internal quotation marks and citation omitted]). In support of its motion, plaintiff submitted the affidavit of a paralegal from the law firm representing plaintiff in this action. The paralegal explained that she had incorrectly calendared defendants' summary judgment motion as a motion made on behalf of plaintiff. As a consequence, the paralegal represented that the "handling attorney" for plaintiff was unaware of the motion. Noticeably absent from the application is an affidavit from the "handling attorney." Plaintiff also supported its application with an attorney's affidavit explaining that the attorney who appeared on plaintiff's behalf at the September 1, 2022 inquest "advised [d]efendants' [c]ounsel and the [c]ourt of the inadvertent default and plaintiff's intention to vacate." As noted above, no such advisement appears in the transcript of the inquest. Nor did plaintiff include an affidavit from the attorney who appeared on its behalf. Given these hearsay submissions, we cannot say that Supreme Court abused its discretion in deeming the proffered excuse inadequate. Nor was it lost on Supreme Court that plaintiff's vacatur application was submitted seven months after the inquest, with no explanation for the extended delay in seeking relief or for ignoring the sale to Reid.
We further agree with Supreme Court's determination that this action is barred under the doctrine of res judicata for the claim in each action was premised on the asserted default in the payment due March 1, 2017. We are mindful that the December 2018 order was issued upon plaintiff's default and that notice of entry of that order was not served upon plaintiff until August 9, 2021. There is no indication in this record, however, that plaintiff ever applied to vacate the December 2018 order. "A judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were raised or could have been raised in the prior action" (Eaddy v US Bank N.A., 180 AD3d 756, 758 [2d Dept 2020] [citations omitted]; see Sheodial v U.S. Bank N.A., 218 AD3d 511, 512 [2d Dept 2023]; Spindell v Brooklyn Jewish Hosp., 35 AD2d 962, 962-963 [2d Dept 1970], affd 29 NY2d 888 [1972]). Here, since the very same default event was raised in each action, plaintiff is precluded from pursuing this action.
Having so concluded, the remaining issues as to plaintiff's failure to join Reid and her lender as necessary parties (see RPAPL 1311; Bayview Loan Servicing, LLC v Sulyman, 130 AD3d 1197, 1198 [3d Dept 2015]), as well as defendants' assertion that plaintiff's claim should be precluded on the basis of laches, have been rendered academic.
Egan Jr., J.P., Clark, Powers and Mackey, JJ., [*3]concur.
ORDERED that the order and the amended judgment are affirmed, with one bill of costs.

Footnotes

Footnote 1: In 2010, defendants entered into a Home Affordable Modification Agreement with the lender establishing a new principal balance of $166,264 due on the note. A further modification agreement in July 2016 stated the principal due as $138,361.

Footnote 2: Defendants served plaintiff with notice of entry of this order on August 9, 2021.