Matter of Hereford Ins. Co. v Shelly (2025 NY Slip Op 05681)

Matter of Hereford Ins. Co. v Shelly

2025 NY Slip Op 05681

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-08784
 (Index No. 508992/23)

[*1]In the Matter of Hereford Insurance Company, respondent, 
v
Sarben-Sarpong Shelly, et al., appellants.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for appellants.
Goldberg, Miller & Rubin, P.C., New York, NY (Harlan R. Schreiber of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Sarben-Sarpong Shelly and Hargrove Carey appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated May 25, 2023. The order granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
On June 13, 2018, Sarben-Sarpong Shelly and Corey Hargrove (hereinafter together the claimants) were the occupants of a vehicle insured by the petitioner, Hereford Insurance Company (hereinafter Hereford), when the vehicle was involved in an accident (hereinafter the accident). In March 2019, Hereford commenced an action in the Supreme Court, New York County, against, among others, the claimants for a judgment declaring, inter alia, that Hereford had no duty to pay claims related to the accident and was entitled to a permanent stay of all no-fault arbitrations and lawsuits commenced by the claimants relating to the accident (hereinafter the 2019 action). By order dated July 5, 2019, the Supreme Court, among other things, granted that branch of Hereford's motion which was for leave to enter a default judgment against Shelly. By order and judgment dated February 17, 2023, the court granted Hereford's motion for leave to enter a default judgment against Hargrove and declared, inter alia, that Hereford had no duty to pay claims related to the accident and was entitled to a permanent stay of arbitrations.
Thereafter, the claimants served a demand for arbitration on Hereford, and Hereford commenced this proceeding pursuant to CPLR article 75, among other things, to permanently stay arbitration of the claim. In an order dated May 25, 2023, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. The claimants appeal.
"A defaulting defendant is deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930 [internal quotation marks omitted]; see Matter of Capital Equity Mgt., LLC v Sunshine, 222 AD3d 640, 642). "Moreover, 'a judgment by default that has not been vacated is conclusive for res judicata purposes and encompasses the issues that were [*2]raised or could have been raised in the prior action'" (Sheodial v U.S. Bank N.A., 218 AD3d 511, 512 [internal quotation marks omitted], quoting Eaddy v US Bank N.A., 180 AD3d 756, 758).
"The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (id., quoting Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761). "'One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion'" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [emphasis and internal quotation marks omitted], quoting City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127). "'[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (id. [emphasis omitted], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357).
Contrary to the claimants' contention, the Supreme Court properly granted that branch of the petition which was to permanently stay arbitration of the claim for uninsured motorist benefits arising out of the accident. Here, the July 5, 2019 order and the order and judgment in the 2019 action, inter alia, granted Hereford leave to enter a default judgment against the claimants and declared, among other things, that Hereford was entitled to a permanent stay of arbitrations and that Hereford had no duty to pay claims, including uninsured motorist benefits, related to the accident. The claimants were parties to the 2019 action, which determined, inter alia, that Hereford had no duty to pay the claimants' claim. Accordingly, the court properly granted that branch of the petition which was to permanently stay arbitration (see Sheodial v U.S. Bank N.A., 218 AD3d at 512; Oteri v Oteri-Harkins, 205 AD3d 814, 815).
The claimants' remaining contention is without merit.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court